**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| ARLIN HASKINS, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WINCO FOODS, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No.<br><br>*[Removed from the Superior Court of the State of Washington in and for the County of King, Case No. 25-2-30464-7 SEA]* |

**TO: THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON;**

**AND TO: PLAINTIFF AND HIS ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendant WinCo Foods, LLC ("Defendant") removes the above-captioned action from the Superior Court of the State of Washington for the County of King to the United States District Court for the Western District of Washington. Removal is proper for the reasons stated below.

## I. STATE COURT ACTION

1. On October 15, 2025, Plaintiff Arlin Haskins ("Plaintiff") filed a "Class Action Complaint for Damages" in King County Superior Court, where it was assigned Case No. 25-2-30464-7 SEA ("State Court Action"). Declaration of Kyle D. Nelson in Support of Notice of



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Removal ("Nelson Decl.") at Ex. A ("Complaint").

2. Plaintiff served Defendant with the Summons, Complaint, and Case Information Cover Sheet on or about October 16, 2025. *Id.* at Ex. B (Declaration of Service). With this Notice of Removal, Defendant files true and correct copies of all process, pleadings, orders, and other records either served on Defendant or filed in the State Court Action. *Id.* at Exs. A–B. Defendant has not filed or received any other pleadings or papers, other than the pleadings described as Exhibits A–B in this action, prior to filing this Notice of Removal. *Id.* at ¶3.

3. Defendant files this Notice of Removal on November 17, 2025, which is within the 30-day period following its receipt of the Summons and Complaint. *Id.* at ¶3.

4. Defendant has not voluntarily invoked or submitted to the jurisdiction of the Superior Court of the State of Washington for the County of King related to the above-captioned matter. *Id.* No further proceedings have been had in the state court as of the date of this Notice. *Id.* at ¶4.

## II. PLAINTIFF'S CLASS ACTION ALLEGATIONS

5. Plaintiff purports to bring this action as a putative class action. Complaint at ¶5.2. Plaintiff seeks to represent "[a]ll current and former employees of WinCo Foods, LLC who worked in Washington and earned less than twice the applicable state minimum hourly wage from January 1, 2020, through the date of certification of the class." *Id.*

6. Plaintiff asserts a single claim against Defendant under the Washington Noncompetition Act ("WNCA") for a purported violation of Wash. Rev. Code § 49.62.010. *Id.* at ¶¶6.1–6.5.

7. Specifically, Plaintiff alleges that "WinCo's practice of prohibiting its employees who earn less than twice the applicable minimum wage from working second jobs with other large retail grocery stores violates the Washington Noncompetition Act." *Id.* at ¶6.4. By Plaintiff's calculation, "the number of class members is reasonably estimated to exceed 100 persons." *Id.* at ¶5.5(a).



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

8. Plaintiff seeks $5,000 in statutory damages for himself and each putative class member. *Id.* at ¶6.5. He also seeks his attorneys' fees and costs. *Id.*

## III. GROUNDS FOR REMOVAL

9. Defendant removes this matter based on 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA").

10. Under CAFA, a defendant may remove a putative class action if: (1) there are at least 100 putative class members; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) there is minimal diversity of citizenship. *See* 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5)(B).

11. Defendant denies Plaintiff's factual allegations and further denies that Plaintiff, or the class he purports to represent, is entitled to the requested damages. Defendant opposes class certification and the merits of Plaintiff's claim. For removal purposes, however, Plaintiff's allegations establish CAFA jurisdiction.

1. <u>There Are at Least 100 Putative Class Members</u>

12. Plaintiff alleges that Defendant prohibits "its hourly Washington workers from moonlighting." Complaint at ¶1.1. Plaintiff further alleges that "WinCo employs thousands of hourly employees in the State of Washington" and estimates the number of class members exceeds 100 persons. *Id.* at ¶¶4.2, 5.5(a). Haskin alleges that WinCo Foods, LLC is the employer of WinCo's employees in Washington. Defendant denies that WinCo Foods, LLC is Plaintiff's employer or the employer of any Washington employees.[1] However, if Plaintiff prevails his allegation that WinCo Foods, LLC employs him and WinCo's Washington employees, the putative class will exceed 1,000 employees. Declaration of Brian Rudel in Support of Notice of Removal ("Rudel Decl.") at ¶¶2–4. Defendant therefore satisfies CAFA's requirement to establish more than 100 putative class members.

[1] WinCo Holdings, Inc. is Plaintiff's employer and the employer of WinCo's other Washington employees.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

2. The Aggregate Amount in Controversy Exceeds $5 Million

13. To remove under CAFA, a removing party may aggregate the claims of the putative class to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The removing party bears the burden to establish the amount in controversy; there is no presumption against removal for cases removed under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (explaining there is "no antiremoval presumption" in CAFA cases; Congress enacted CAFA to expand access to federal court); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.").

14. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. A removing party may rely on reasonable assumptions. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015); *see also Salter v. Quality Carriers, Inc*., 974 F.3d 959, 964 (9th Cir. 2020) ("[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements.") (quotations and citations omitted).

15. Here, Plaintiff's first cause of action is based on the assumption that Defendant prohibited Washington employees who earned less than twice the applicable minimum wage from working second jobs since January 1, 2020. Complaint at ¶¶1.1, 5.2. For each of Defendant's employees earning less than twice the applicable minimum wage, Plaintiff seeks $5,000 in statutory damages. *Id.* at ¶¶5.2, 6.5.

16. As noted above, if Plaintiff prevails his allegation that WinCo Foods, LLC employs WinCo's Washington employees, the putative class will exceed 1,000 employees. Rudel Decl. Accordingly, Plaintiff puts at least $5,000,000 in controversy (1,001 x $5,000 = $5,005,000).

17. Plaintiff also requests an attorneys' fees award. Complaint at ¶6.5. Future attorneys' fees may be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

F.3d 413, 417–18 (9th Cir. 2018). For purposes of removal, the Ninth Circuit has held that a 25% recovery is the "benchmark" level for reasonable attorneys' fees in class action cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled in irrelevant part by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

18. Plaintiff's request for attorneys' fees, therefore, places an additional $1,251,250 in controversy (25% of $5,005,000). Complaint at ¶¶41, 56, 57.

19. Overall, Plaintiff places more than $5,000,000 in controversy, and Defendant satisfies CAFA's amount-in-controversy requirement.

3. <u>There is Minimal Diversity</u>

20. CAFA requires the removing party to show that one putative class member is a citizen of a different state than one defendant. *See* 28 U.S.C. § 1332(d)(2)(A); *see also United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that CAFA broadens diversity jurisdiction for class actions by requiring only minimal diversity).

21. <u>Defendant's Citizenship.</u> Defendant is, and was at the time of the filing of this action, a citizen of states other than Washington within the meaning of 28 U.S.C. § 1332(c)(1). "The Ninth Circuit has not explicitly addressed whether an LLC is an 'unincorporated association' under CAFA, but most courts that have considered the issue have concluded that 28 U.S.C. § 1332(d)(10) applies to all types of non-corporate business entities, including LLCs." *Johnson v. Kadiant LLC*, No. 2:24-cv-01372-DC-CKD, 2024 WL 4616148, at *3 (E.D. Cal. Oct. 30, 2024) (collecting cases).

22. Under CAFA, an unincorporated association is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

23. The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend,* 559 U.S. 77, 80–81, 92–93 (2010). Under the "nerve center" test, the



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

"principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis. *Id.* at 92–93 ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"); *see also Industrial Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092–93 (9th Cir. 1990) (holding that the "nerve center" is where "its executive and administrative functions are performed").

24. For CAFA purposes, Defendant is a citizen of Delaware because it is a limited liability company formed under the laws of Delaware. Complaint at ¶2.1. Defendant is also a citizen of Idaho because its principal place of business is in Boise, Idaho, where its high-level officers direct, control, and coordinate the corporation's activities. *See id.*

25. Therefore, Defendant's citizenship includes Delaware and Idaho.

26. Diverse Citizenship of a Putative Class Member. A person's citizenship is determined by their domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their permanent home where they intend to remain or return. *Id.* A person's residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

27. Here, Plaintiff alleges that he resides in Washington State. Complaint at ¶2.2. Because Plaintiff is a citizen of Washington and Defendant's citizenship includes Delaware and Idaho, minimal diversity exists for purposes of CAFA.

## IV. ACTION REMOVABLE

28. Removal under 28 U.S.C. § 1441 is proper because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff initially filed the action in federal court.

29. Defendant is removing this action to the Seattle Division of this Court because Plaintiff alleges that his claims arose in King County. Complaint at ¶¶3.1–3.2. The Seattle Division of this Court "embrac[es] the place where [the state court] action is pending," and is, therefore, the appropriate court for removal. 28 U.S.C. § 1441(a).



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

30. Defendant filed this Notice of Removal with the Court within thirty days after receipt by Defendant of the Complaint, in accordance with 28 U.S.C. § 1446(b)(1) ("The notice of removal … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant").

31. Defendant will promptly give written notice of the filing to Plaintiff and will promptly file a copy of the Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## V. PLEADINGS FILED

Defendant attached copies of all process, pleadings, and orders from the State Court Action to the Nelson Declaration filed with this Notice of Removal.

Respectfully submitted this November 17, 2025.

SEYFARTH SHAW LLP

By: */s/Kyle D. Nelson*
Kyle D. Nelson, WSBA #49981

By: */s/Matthew R. Kelly*
Matthew R. Kelly, WSBA #48050

By: */s/Kate Bradley*
Kate Bradley, WSBA #61434

999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone: (206) 393-4058
Email: knelson@seyfarth.com
Email: mrkelly@seyfarth.com
Email: kkbradley@seyfarth.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2025, I have caused a true and correct copy of the foregoing to be filed via the CM/ECF system, and to be served upon the following, via the method(s) indicated below:

Jason A. Rittereiser, WSBA No. 43628
Donald W. Heyrich, WSBA No. 23091
Rachel M. Emens, WSBA No. 49047
Henry Brudney, WSBA No. 52602
Joseph W. Wright, WSBA No. 55956
HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, WA 98101
P: (206) 838-2504
Email:
jrittereiser@hkm.com
dheyrich@hkm.com
remens@hkm.com
hbrudney@hkm.com
jwright@hkm.com

*Attorneys for Plaintiff*

☐ via U.S. Mail, Postage Prepaid
☐ via Messenger Service
☒ via USDC Western WA CM/ECF
☐ via Email:

DATED this 17th day November, 2025, at Seattle, Washington.

*/s/Kyle D. Nelson*
Kyle D. Nelson, Attorney